# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

RAY NAGEL,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

    Defendant.

Case No. 2:14-CV-370-JVB

## OPINION AND ORDER

Plaintiff Ray Nagel seeks judicial review of the Defendant Acting Commissioner of Social Security Administration's decision to deny his Disability Insurance and Social Security Income benefits. He asks this Court reverse the agency's decision or, alternatively, remand the case to the agency for reconsideration.

On May 16, 2013, Administrative Law Judge William E. Sampson denied Plaintiff's application for benefits. While the ALJ agrees Plaintiff's residual impairments stemming from a fusion of the lumbar spine constitutes a severe impairment, he found that it does not meet or equal a Listing found in the federal regulations. Moreover, the ALJ concluded Plaintiff is able to perform a significant number of jobs that exist in the national economy. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request to review it.

For the reasons discussed below, the Commissioner's decision is affirmed.

**A.     Overview of the Case**

Plaintiff claims he became disabled on January 30, 2011, after exacerbating a previous back injury. Seven years earlier, Plaintiff injured his back while working and underwent spinal fusion surgery. After surgery, Plaintiff's symptoms stabilized and he continued in his work until he reinjured his back after slipping on ice. In August 2011, Plaintiff underwent another fusion surgery and removed his hardware. Although Plaintiff improved with physical therapy, he testified he can no longer perform medium to heavy work as a truck driver. The Court addresses the other relevant facts in its analysis below.

**B.     Standard of Review**

This Court has the authority to review Social Security Act claim decisions under 42 U.S.C. § 405(g). The Court will uphold an ALJ's decision if it is reached under the correct legal standard and supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court will not reconsider facts, re-weigh the evidence, resolve conflicts in the evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). This Court will, however, ensure that the ALJ built an "accurate and logical bridge from the evidence to his conclusion so that, as a reviewing court, we may access the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

C.  **Disability Standard**

To qualify for disability benefits, the claimant must establish that he suffers from a disability. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The SSA established a five-step inquiry to evaluate whether a claimant qualifies for disability benefits. A successful claimant must show:

> (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy.

*Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004).

An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

D.  **Analysis**

On appeal, Plaintiff contends the ALJ's determination was patently wrong in three aspects: (1) the ALJ overlooked objective medical evidence; (2) ALJ discounted treating physician's opinion; (3) ALJ failed to consider the physical therapist's opinion.

3

**(1)** *The ALJ did not overlook objective medical evidence*

The ALJ's decision that Plaintiff's impairments did not meet or equal the criteria of Listing 1.04 was not patently wrong. If a claimant has an impairment that meets or equals an impairment found in the Listing of Impairments, a claimant is presumptively eligible for benefits. 20 C.F.R. § 404.1520(d). In reviewing an ALJ's decision, a court should not engage in its own analysis of whether the Plaintiff is severely impaired as defined by the Social Security Administration Regulations. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). In addition, "an ALJ's adequate discussion of the issues need not contain a complete written evaluation of every piece of evidence." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013). "An ALJ is not required to discuss every snippet of information from the medical records that might be inconsistent with the rest of the objective medical evidence." *Id.* at 363. The ALJ's decision will be upheld if he applied the correct legal standard and substantial evidence supported his decision.

Here, the ALJ did more than minimally articulate his reason for concluding Plaintiff's impairment did not meet or equal the criteria of Listing 1.04. The ALJ summarized Plaintiff's medical records, test results, surgical history, and opinions of both his treating physicians and the State Agency medical consultants. Although Plaintiff was unable to stoop or squat, the ALJ found he had no problems walking, getting on and off the exam table, standing, sitting, or managing daily activities. (R. at 22–23.) Further, the ALJ discussed how Plaintiff had no neurological defects, straight leg tests performed were negative, MRIs demonstrated only minor abnormalities, and he improved with treatment. (R. at 22.)

It is not the courts job reweigh the evidence. The ALJ adequately discussed and clearly stated his reasons for concluding Plaintiff's impairments do not meet or equal a Listing. As a

result, Plaintiff has not shown patent error, and the Court affirms the ALJ's determination Plaintiff's impairments did not meet or equal a Listing.

**(2) *The ALJ adequately considered Plaintiff's treating physician's opinion.***

Generally, controlling weight is given to the treating physician's opinion only if it is well-supported by medically acceptable objective evidence and consistent with the other substantial evidence of record. 20 C.F.R. § 404.1527(d)(2). If a treating physician's opinion is not given controlling weight, then the ALJ evaluates the: (1) examining relationship; (2) length of the treatment relationship and frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of the opinion by relevant evidence; (5) consistency of the opinion with the record as a whole; and, if any, (6) physicians specialization. *Id*. at § 404.1527(c)(1)–(6). It is not the reviewing Court's job to determine whether the treating physician's opinion should have been given controlling weight. *See Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)("[W]e review the entire record, but do not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner."). However, an ALJ must give "good reasons" for the weight afforded to a treating source's opinion. *Id.* at § 404.1527(c)(2).

While the ALJ agreed with Dr. Lim's opinion that Plaintiff has a severe impairment preventing him from performing his past relevant work, he also noted inconsistencies in the record and assigned the opinion "some weight." (R. at 23.) The ALJ found Dr. Lim's opinion inconsistent because there was no evidence of "root compression, spinal arachnoiditis, or lumbar stenosis," and Plaintiff "ambulates with a normal, if slow, gait and evaluations by his physical therapists suggest he can perform work at the medium to heavy levels of exertion." (R. at 20.)

5

Moreover, the ALJ distinguished between Plaintiff's ability to perform his past relevant heavy work as a truck driver, and his ability to perform light, sedentary work. (R. at 21-22.) Further, the ALJ noted how "[a]ll of the opinion evidence from relevant medical experts indicates the claimant can return to work, if not his past work." (R. at 22.)

Here, there was no medical evidence in the record supporting Plaintiff's contention or Dr. Lim's opinion that he would miss two unexcused days of work per month due to unbearable back pain. As the ALJ noted, Plaintiffs injuries before surgery were "not entirely consistent with disability," because Plaintiff would return to work at greater than medium levels of exertion. (R. at 22.) This fact is inconsistent with the contention that Plaintiff's back pain will prevent him from performing the full range of sedentary light work. Moreover, although Dr. Lim recommended Plaintiff should take off work for some time, the ALJ found Dr. Lim's recommendation was based on Plaintiff's job as a truck driver, not based on all other work in the national economy. (R. at 23.)

Contrary to Plaintiff's contentions, the ALJ did acknowledge Dr. Lim's opinion that Plaintiff's back pain might cause him to miss work in the future. Moreover, the ALJ adequately explained that he did not give Dr. Lim's opinion controlling weight because he found it vague, not entirely credible, and inconsistent with other evidence in the record. As a result, Plaintiff has not shown patent error, and the Court affirms the ALJ's determination.

**(3)** *The ALJ adequately considered the opinion of Plaintiff's physical therapist*

Finally, Plaintiff contends the ALJ erred by assigning little to no weight to Plaintiff's physical therapist, Peniak Renata, and ignored her recommendation that Plaintiff remain off work. Only "acceptable medical sources," such as licensed physicians, can be characterized as

6

treating sources whose opinions are generally entitled to controlling weight. 20 C.F.R. § 404.1513(a); SSR 06–03p. Physical therapists are considered "other medical sources," and their findings cannot establish the existence of a medically determinable impairment. 20 C.F.R. § 404.1513(d)(1); SSR 06–03p. Although physical therapist reports should not be given controlling weight, such reports are entitled to consideration. *Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir. 2004).

Here, the ALJ adequately explained why he chose to assign greater weight to the State Agency Medical Consultants rather than Plaintiff's physical therapist. The ALJ reasoned the State Agency Medical Consultants were experts, their reports were consistent with the record, and the physical therapy reports weren't. Further, the ALJ found the physical therapy reports "suggest the claimant is capable of performing work somewhere between the medium and heavy level of exertion, which is not entirely consistent with claimant's history of multiple back surgeries." (R. at 23.) The ALJ was not required to assign the physical therapy reports controlling weight; he only needed to consider it. The record reflects the ALJ not only considered the physical therapist's report, but also adequately explained why he chose to assign it little weight. As a result, Plaintiff has not shown patent error. For these reasons, the Court affirms the Commissioner's decision.

SO ORDERED on March 23, 2016.

    S/ Joseph S. Van Bokkelen
    JOSEPH S. VAN BOKKELEN
    UNITED STATES DISTRICT JUDGE